# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **BARBARA J. DUBOSE,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | Cause No. |
| | ) | |
| vs. | ) | Div. |
| | ) | |
| **SQUARE, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Serve: Registered Agent** | ) | |
|     **National Registered Agents, Inc.** | ) | |
|     **120 South Central Ave   Ste 400** | ) | |
|     **Clayton MO  63105** | ) | |
| | ) | |
|    **Defendant.** | ) | |

## **COMPLAINT**

## **COUNT I – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**

COMES NOW Plaintiff Barbara J. Dubose (hereinafter referred to as "Plaintiff"), and for her cause of action against Defendant Square, Inc. (hereinafter referred to as "Defendant"), states and avers as follows:

1. Plaintiff is an individual who resides within St. Louis City, State of Missouri.

2. Defendant Square, Inc. is a foreign corporation operating within the State of Missouri.

3. Venue is proper in this Court since the alleged unlawful discriminatory practice occurred within St. Louis City, State of Missouri, which is located within the Eastern District of Missouri.

4. This Court has subject matter jurisdiction of this matter.

5. This action is brought under the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*.

6. At all times relevant to the action, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 2000e(f).

7. At all times relevant herein, Defendant was an "employer" as defined by 42 U.S.C. § 2000e(b).

8. Defendant has employed the Plaintiff for over one year.

9. Plaintiff was employed by the Defendant at Defendant's facility in the City of St. Louis, State of Missouri.

10. Throughout Plaintiff's employment with Defendant, Plaintiff met applicable job qualifications, was qualified for the position for which she held, and performed the job in a manner which met or exceeded the Defendant's legitimate expectations.

11. During Plaintiff's employment with the Defendant, Plaintiff was subjected to discrimination by Defendant based upon her race and disability.

12. Throughout Plaintiff's employment with Defendant, Plaintiff would apply for additional positions within the company for which she was qualified.

13. Despite Plaintiff's qualifications, Defendant would hire less qualified employees for the positions for which Plaintiff would apply.

14. Throughout Plaintiff's employment, Plaintiff was never promoted within the company while other employees would be promoted ahead of her despite having lesser qualifications and/or less satisfactory work performance.

15. During her employment with the Defendant, Plaintiff would voice her concern with the lack of minorities within the company and the failure of the Defendant to promote the minorities within the company.

16. During her employment, Plaintiff requested the ability to work from home.

17. Employees of Defendant in similar positions were frequently permitted to work from home.

18. As part of this request, Plaintiff advised the Defendant that she had a disability, and as a result of the disability, she requested permission to work from home.

19. The Defendant initially permitted Plaintiff to work from home.

20. The Defendant later backtracked and would not allow Plaintiff to work from home, despite allowing other employees to continue to work from home.

21. At one point during her employment, Plaintiff requested to leave work due to a medical condition related to her disability that she was experiencing.

22. Although Plaintiff was experiencing a medical condition, the Defendant told Plaintiff that she was not permitted to leave work.

23. One particular supervisor of Plaintiff consistently harassed the Plaintiff and treated the Plaintiff poorly, creating an intimidating, hostile, and offensive work environment.

24. In February, 2018, Plaintiff's supervisor told her to watch out for herself as opposed to trying to stand up and represent minorities.

25. Plaintiff would request assistance from the supervisor, but the supervisor would continually refuse to provide any assistance to the Plaintiff.

26. The Plaintiff's supervisor would not include Plaintiff on projects, and instead the supervisor would favor white employees for special job assignments.

27. Defendant knew or should have known of the harassment and discrimination and failed to take the proper remedial action.

28. Following Plaintiff's noted objections to the treatment of her and other minorities, the Defendant placed Plaintiff on a "check in" program.

29. Plaintiff's race and disability was the cause in the harassment and discrimination she received by Defendant.

30. The Defendant's discrimination of Plaintiff was severe and/or pervasive enough to create a hostile and/or abusive work environment.

31. The Defendant discriminated against Plaintiff because of her race and/or disability with respect to the terms, conditions, and/or privileges of employment, which had been altered as a result of the discrimination

32. As a consequence of Defendant's discriminatory conduct, Plaintiff lost and continues to lose wages and other financial incidents and benefits of employment.

33. Plaintiff has incurred and will continue to incur attorneys' fees and costs in connection with this matter.

34. The treatment of Plaintiff by Defendant resulted in significant humiliation, anxiety, distress, and embarrassment to her.

35. The discriminatory conduct of Defendant was willful, wanton, and without just cause or excuse. Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights, and as a result, Plaintiff is entitled to punitive damages.

36. On September 13, 2018, Plaintiff received a notice of her right to sue from the EEOC. **(See attached as Plaintiff's Exhibit 1)**

37. This action was filed within ninety (90) days from the issuance of the right to sue letter.

38. The Plaintiff requests a jury trial in this matter.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment for Plaintiff against Defendant for lost wages and other benefits of employment, other actual and compensatory damages, prejudgment interest, all costs and attorneys' fees incurred in the prosecution of these claims, punitive damages, and for such other and further relief as this Court deems just and equitable.

## COUNT II – UNLAWFUL RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

39. Plaintiff restates and incorporates herein paragraphs 1 through 38.

40. During her employment with Defendant, Plaintiff reported the perceived discriminatory conduct to Defendant's HR department.

41. As a result of reporting the conduct, Plaintiff suffered adverse employment action.

42. The adverse employment action included being placed on a "check in" plan as well as the Defendant's refusal to promote the Plaintiff or hire Plaintiff for another position within the company.

43. Defendant's actions in this regard were in retaliation to Plaintiff's reporting the behavior.

44. Plaintiff's opposition and reporting of the Defendant's unlawful discrimination was the cause of the adverse employment action she was caused to suffer.

5

45. As a consequence of Defendant's discriminatory conduct, Plaintiff lost and continues to lose wages and other financial incidents and benefits of employment.

46. Plaintiff has incurred and will continue to incur attorneys' fees and costs in connection with this matter.

47. The treatment of Plaintiff by the Defendant resulted in significant humiliation, anxiety, distress, and embarrassment to Plaintiff.

48. The discriminatory conduct of the Defendant was willful, wanton, and without just cause or excuse. Defendant's conduct was outrageous because of Defendants' evil motive or reckless indifference to Plaintiff's rights, and as a result, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment for Plaintiff against Defendant for actual damages, including but not limited to, lost wages and other benefits of employment, prejudgment interest, all costs and attorneys' fees incurred in the prosecution of these claims, punitive damages, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**ENGELMEYER & PEZZANI, LLC**

By:    /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
Emily W. Kalla, #66300MO
*emily@epfirm.com*
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO  63017
Phone:  636-532-9933
Fax:    314-863-7793